# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

FIFTH THIRD BANK, an Ohio banking corporation,

    Plaintiff,

v.

ALAEDIN & MAJDI INVESTMENTS, INC., a Florida
corporation; ALAEDIN FALASIRI; MAJDI FALASIRI;
SHIRAZ ORIENTAL RUG GALLERY, INC., a Florida
corporation; GERARDI CONSTRUCTION, INC., a Florida
corporation; ROGER NELSON, H.I.S. COMPUTERMATION, INC.,     CASE NO.
a Florida corporation d/b/a Connecting Point Computer Centers;
BIOSCRIP PHARMACY, INC., a Minnesota corporation d/b/a
BioScrip Pharmacy; WI ACQUISITION, INC., a Florida corporation
as successor-by-merger to MedX Systems, Inc.; PURE
HEALTHY BACK, INC., a Florida corporation f/k/a The Spine
Network, Inc.; UNKNOWN TENANT #1; UNKNOWN
TENANT #2; UNKNOWN TENANT #3; and UNKNOWN
TENANT #4; IF A NAMED DEFENDANT IS
DECEASED, THE SURVIVING SPOUSE, HEIRS, DEVISEES,
GRANTEES, CREDITORS AND ALL OTHER PARTIES
CLAIMING BY, THROUGH, UNDER OR AGAINST
THAT DEFENDANT(S) WHO ARE NOT KNOWN TO BE
DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES
MAY CLAIM AN INTEREST AS SPOUSES, HEIRS,
DEVISEES, GRANTEES, AND ALL CLAIMANTS, PERSONS
OR PARTIES, NATURAL OR CORPORATE, OR WHOSE
EXACT STATUS IS UNKNOWN, CLAIMING UNDER
ANY OF THE ABOVE NAMED OR DESCRIBED
DEFENDANTS,

    Defendants.
_____/

## VERIFIED COMPLAINT

Plaintiff FIFTH THIRD BANK, an Ohio banking corporation, sues defendants ALAEDIN &

MAJDI INVESTMENTS, INC., a Florida corporation; ALAEDIN FALASIRI; MAJDI FALASIRI;

SHIRAZ ORIENTAL RUG GALLERY, INC., a Florida corporation; GERARDI

CONSTRUCTION, INC., a Florida corportion; ROGER NELSON; H.I.S. COMPUTERMATION,

1

INC., a Florida corporation d/b/a Connecting Point Computer Centers; BIOSCRIP PHARMACY, INC., a Minnesota corporation d/b/a BioScrip Pharmacy; WI ACQUISITION, INC., a Florida corporation as successor-by-merger to MedX Systems, Inc.; PURE HEALTHY BACK, INC., a Florida corporation f/k/a The Spine Network, Inc.; UNKNOWN TENANT #1; UNKNOWN TENANT #2; UNKNOWN TENANT #3; and UNKNOWN TENANT #4; IF A NAMED DEFENDANT IS DECEASED, THE SURVIVING SPOUSE, HEIRS, DEVISEES, GRANTEES, CREDITORS AND ALL OTHER PARTIES CLAIMING BY, THROUGH, UNDER OR AGAINST THAT DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, AND ALL CLAIMANTS, PERSONS OR PARTIES, NATURAL OR CORPORATE, OR WHOSE EXACT STATUS IS UNKNOWN, CLAIMING UNDER ANY OF THE ABOVE NAMED OR DESCRIBED DEFENDANTS, and alleges that:

### Parties, Jurisdiction and Venue

1. This is an action: (a) to foreclose on certain real and personal property located in Orange County, Florida, within the Middle District of Florida, as more fully described below, and (b) for damages in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

2. FIFTH THIRD BANK (the "Lender") is an Ohio banking corporation, which is authorized to transact business in the State of Florida, but which has its executive and principal offices in and is a citizen of the State of Ohio.

3. ALAEDIN & MAJDI INVESTMENTS, INC. (the "Borrower") is a Florida corporation with its principal place of business in Hillsborough County, Florida and is a citizen of the State of Florida. The Court has personal jurisdiction over Borrower based upon its ownership of property in this District and transacting business and otherwise engaging in conduct within this

District.

4. ALAEDIN FALASIRI ("Alaedin") is an individual residing in Hillsborough County, Florida and is a citizen of the State of Florida. The Court has personal jurisdiction over Alaedin based upon his residence in this District and transacting business and otherwise engaging in conduct within this District.

5. MAJDI FALASIRI ("Majdi") is an individual residing in Hillsborough County, Florida and is a citizen of the State of Florida. The Court has personal jurisdiction over Alaedin based upon his residence in this District and transacting business and otherwise engaging in conduct within this District.

6. Upon information and belief, ROGER NELSON ("Nelson") is an individual residing in the City of Longwood, Seminole County, Florida and is a citizen of the State of Florida. The Court has personal jurisdiction over Nelson based upon his residence in this District and transacting business and otherwise engaging in conduct within this District.

7. SHIRAZ ORIENTAL RUG GALLERY, INC. (the "Shiraz"), is a Florida corporation with its principal place of business in Hillsborough County, Florida and is a citizen of the State of Florida. The Court has personal jurisdiction over Shiraz based upon it transacting business and otherwise engaging in conduct within this District.

8. GERARDI CONSTRUCTION, INC. ("Gerardi"), is a Florida corporation with its principal place of business in Hillsborough County, Florida and is a citizen of the State of Florida. The Court has personal jurisdiction over Gerardi based upon it transacting business and otherwise engaging in conduct within this District.

9. H.I.S. COMPUTERMATION, INC. d/b/a Connecting Point Computer Centers ("H.I.S.") is a Florida corporation with its principal place of business in Brevard County, Florida and

is a citizen of the State of Florida. The Court has personal jurisdiction over H.I.S. based upon it transacting business and otherwise engaging in conduct within this District. Specifically, H.I.S. is a tenant at the Mortgaged Property described below.

10. BIOSCRIP PHARMACY, INC., is a Minnesota corporation d/b/a BioScrip Pharmacy ("BioScrip") with its principal place of business in Minnesota and is a citizen of the State of Minnesota. The Court has personal jurisdiction over BioScrip based upon it transacting business and otherwise engaging in conduct within this District. Specifically, BioScrip is a tenant at the Mortgaged Property described below.

11. WI ACQUISITION, INC., is a dissolved Florida corporation as successor-by-merger to MedX Systems, Inc. ("WI") with its principal place of business in Orange County, Florida and is a citizen of the State of Florida. The Court has personal jurisdiction over WI based upon it transacting business and otherwise engaging in conduct within this District. Specifically, WI signed a written lease agreement to lease a portion of the Mortgaged Property described below.

12. PURE HEALTHY BACK, INC., is a Florida corporation f/k/a The Spine Network, Inc. ("Pure") with its principal place of business in Orange County, Florida and is a citizen of the State of Florida. The Court has personal jurisdiction over Pure based upon it transacting business and otherwise engaging in conduct within this District. Specifically, Pure signed a written lease agreement to lease a portion of the Mortgaged Property described below.

13. UNKNOWN TENANT #1 is a party in possession of the Mortgaged Property. The Court has personal jurisdiction over Unknown Tenant #1 based upon it transacting business and otherwise engaging in conduct within this District, including being in possession of the Mortgaged Property described below.

14. UNKNOWN TENANT #2 is a party in possession of the Mortgaged Property. The

Court has personal jurisdiction over Unknown Tenant #2 based upon it transacting business and otherwise engaging in conduct within this District, including being in possession of the Mortgaged Property described below.

15. UNKNOWN TENANT #3 is a party in possession of the Mortgaged Property. The Court has personal jurisdiction over Unknown Tenant #3 based upon it transacting business and otherwise engaging in conduct within this District, including being in possession of the Mortgaged Property described below.

16. UNKNOWN TENANT #4 is a party in possession of the Mortgaged Property. The Court has personal jurisdiction over Unknown Tenant #4 based upon it transacting business and otherwise engaging in conduct within this District, including being in possession of the Mortgaged Property described below.

17. The Court has subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1332 in that, without limitation, (a) the matter in controversy exceeds the sum of $75,000.00; and (b) the matter is between citizens of different states.

18. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a), in that, without limitation, (a) at least one of the defendants resides in the Middle District of Florida; (b) the Mortgaged Property which is the subject of this action is located in the Middle District of Florida; and (c) significant events or omissions giving rise to the claims herein occurred in the Middle District of Florida.

### General Allegations

19. On or about October 4, 2006, Borrower executed and delivered to Lender a Promissory Note in the principal amount of $1,375,000.00, which note was amended on or about March 26, 2008 pursuant to an Amended Promissory Note with an effective date of January 4, 2008,

which note was further amended on or about June 16, 2008 pursuant to an Amended Promissory Note with an effective date of January 4, 2008, which note was then increased by $244,809.86 pursuant to a Future Advance Promissory Note dated August 19, 2009, which was consolidated pursuant to a Consolidated Promissory Note of even date therewith in the principal amount of $1,619,809.86, which note was amended and restated pursuant to an Amended, Restated and Renewed Promissory Note dated July 31, 2010 (collectively, the "Note"). The Note is attached hereto as Exhibits "A-1," "A-2," "A-3," "A-4," "A-5" and "A-6," respectively.

20. The Note is secured by, among other things, a mortgage on real property pursuant to a Mortgage and Security Agreement dated October 4, 2006 recorded in O.R. Book 8923, Page 2 as modified pursuant to a Modification of Mortgage Agreement, Modification of Assignment of Rents, Leases and Profits and Receipt of Future Advances dated August 19, 2009 recorded in O.R. Book 9926, Page 6934, both of the Public Records of Orange County (collectively, the "Mortgage"), a copy of which is attached hereto as Exhibit "B-I" and "B-2," respectively, which Mortgage mortgaged the real property (the "Mortgaged Property") legally described herein as:

> Lot 1, 2100 NORTH ORANGE COMMERCE CENTRE, according to the map or plat thereof as recorded in Plat Book 57, Page(s) 145, Public Records of Orange County, Florida.

21. The Note is also secured by an Assignment of Rents, Leases and Profits recorded in O.R. Book 8923, Page 23 of said public records (the "Assignment"). The Assignment provides, among other things that Lender is entitled to: (i) enter upon and take possession of the Mortgaged Property; and (ii) demand, collect and receive from the tenants all of the rents. A copy of the Assignment is attached hereto as Exhibit "C."

22. On or about October 4, 2006, Alaedin Falasiri ("Alaedin") executed and delivered to Lender a Guaranty (the "Alaedin Guaranty"), whereby he agreed to pay in full, when due, any and all indebtedness of Borrower to the same extent as if he was the principal debtor of such indebtedness;

6

and further agreed to pay and discharge each such indebtedness of Borrower when due, by acceleration or otherwise, in accordance with the terms of the indebtedness and the Alaedin Guaranty, and expressly waived notice, presentment and demand for payment by Lender. A copy of the Alaedin Guaranty is attached hereto as Exhibit "D-1."

23. On or about October 4, 2006, Majdi Falasiri ("Majdi") executed and delivered to Lender a Guaranty (the "Majdi Guaranty"), whereby he agreed to pay in full, when due, any and all indebtedness of Borrower to the same extent as if he was the principal debtor of such indebtedness; and further agreed to pay and discharge each such indebtedness of Borrower when due, by acceleration or otherwise, in accordance with the terms of the indebtedness and the Majdi Guaranty, and expressly waived notice, presentment and demand for payment by Lender. A copy of the Majdi Guaranty is attached hereto as Exhibit "D-2."

24. On or about October 4, 2006, Shiraz Oriental Rug Gallery, Inc. ("Shiraz") executed and delivered to Lender a Guaranty (the "Shiraz Guaranty"), whereby it agreed to pay in full, when due, any and all indebtedness of Borrower to the same extent as if it was the principal debtor of such indebtedness; and further agreed to pay and discharge each such indebtedness of Borrower when due, by acceleration or otherwise, in accordance with the terms of the indebtedness and the Shiraz Guaranty, and expressly waived notice, presentment and demand for payment by Lender. A copy of the Shiraz Guaranty is attached hereto as Exhibit "D-3."

25. Borrower defaulted on the Loan in failing to make the final payment due January 3, 2011.

26. On or about July 19, 2011, Lender delivered a default Notice to Borrower, Alaedin, Majdi and Shiraz (the "Default Notice"), which Default Notice also included a demand for rents. A copy of the Default Notice is attached hereto as Exhibit "E."

27. Lender owns and holds the Note, Mortgage, Assignment, Guaranties and other loan documents.

28. Lender has retained the law firm of Carey, O'Malley, Whitaker & Mueller, P.A. to represent its interests in this litigation, and has agreed to pay a reasonable fee for its services rendered herein.

29. All conditions precedent to the relief demanded herein have been performed, have occurred, or have been waived.

## COUNT 1
## Mortgage Foreclosure

30. This is an action to foreclose a mortgage on real property located in Orange County, Florida.

31. Lender re-alleges and incorporates by reference its allegations contained in paragraphs 1-21 and 25-29 above.

32. Borrower defaulted in its obligations under the Note and Mortgage by failing to make the final payment due on January 3, 2011.

33. Despite Lender's Default Notice, Borrower has failed and refused to cure the defaults under the Note and Mortgage and remains in default thereof.

34. Lender is the owner and holder of the Note and Mortgage.

35. There is now owed to Lender the amount of $1,615,422.84 that is due on principal on the Note and Mortgage, together with interest thereon, late charges, attorneys' fees, filing fees, and title search expense for ascertaining necessary parties to this action.

36. GERARDI may claim some interest in the Mortgaged Property arising pursuant to a Notice of Commencement recorded in O.R. Book 10145, Page 5023 of the Public Records of Orange County, Florida, however, any such interest of GERARDI is inferior and subordinate to the Lender's

Mortgage being foreclosed herein.

37. NELSON may claim some interest in the Mortgaged Property arising pursuant to a Notice of Commencement recorded in O.R. Book 10092, Page 2822 of the Public Records of Orange County, Florida, however, any such interest of NELSON is inferior and subordinate to the Lender's Mortgage being foreclosed herein.

38. SHIRAZ may claim some interest in the Mortgaged Property arising out of an unrecorded lease or possession, however, any such interest of SHIRAZ is inferior and subordinate to the Lender's Mortgage being foreclosed herein.

39. H.I.S may claim some interest in the Mortgaged Property arising out of an unrecorded lease or possession, however, any such interest of H.I.S. is inferior and subordinate to the Lender's Mortgage being foreclosed herein.

40. BIOSCRIP may claim some interest in the Mortgaged Property arising out of an unrecorded lease or possession, however, any such interest of BIOSCRIP is inferior and subordinate to the Lender's Mortgage being foreclosed herein.

41. WI may claim some interest in the Mortgaged Property arising out of a lease pursuant to a Memorandum of Lease recorded in O.R. Book 9806, Page 5752 of the Public Records of Orange County, Florida, however, any such interest of WI is inferior and subordinate to the Lender's Mortgage being foreclosed herein.

42. PURE may claim some interest in the Mortgaged Property arising out of lease pursuant to a Memorandum of Lease recorded in O.R. Book 9806, Page 5748 of the Public Records of Orange County, Florida, however, any such interest of PURE is inferior and subordinate to the Lender's Mortgage being foreclosed herein.

43. UNKNOWN TENANT NO. 1 may claim some interest in the Mortgaged Property

arising out of an unrecorded lease or possession, however, any such interest of UNKNOWN TENANT NO. 1 is inferior and subordinate to the Lender's Mortgage being foreclosed herein.

44. UNKNOWN TENANT NO. 2 may claim some interest in the Mortgaged Property arising out of an unrecorded lease or possession, however, any such interest of UNKNOWN TENANT NO. 2 is inferior and subordinate to the Lender's Mortgage being foreclosed herein.

45. UNKNOWN TENANT NO. 3 may claim some interest in the Mortgaged Property arising out of an unrecorded lease or possession, however, any such interest of UNKNOWN TENANT NO. 3 is inferior and subordinate to the Lender's Mortgage being foreclosed herein.

46. UNKNOWN TENANT NO. 4 may claim some interest in the Mortgaged Property arising out of an unrecorded lease or possession, however, any such interest of UNKNOWN TENANT NO. 4 is inferior and subordinate to the Lender's Mortgage being foreclosed herein.

WHEREFORE, Lender respectfully requests that:

A. judgment be entered foreclosing the Mortgage and all rights of defendants and all persons claiming by, through, or under defendants and all persons claiming an interest in the Mortgaged Property since the recording of the Lis Pendens;

B. ordering the Mortgaged Property sold at foreclosure sale if the sums found due are not paid when required, and if the proceeds of the sale are insufficient to pay Lender's claim, a deficiency judgment against Borrower and any guarantors, jointly and severally;

C. the judgment entered include interest, costs and attorneys' fees; and

D. the Court grant such other relief as it deems proper.

## COUNT 2
### Breach of Promissory Note

47. This is an action for damages against Borrower in excess of $75,000.00.

48. Lender re-alleges and incorporates by reference its allegations contained in

paragraphs 1-3, 17-19, and 25-29 above.

49. Borrower breached the terms of the Note by failing to make the final payment due on January 3, 2011.

50. Lender owns and holds the Note.

51. Borrower owes Lender the principal amount of $1,615,422.84 on the Note that is due together with interest thereon, late charges, attorneys' fees, filing fees and title search expense for ascertaining necessary parties to this action.

52. Pursuant to the terms of the Note, Borrower is obligated to pay all costs of collection, including a reasonable attorney's fee, should counsel be employed to collect the Note upon default thereof.

WHEREFORE, Lender respectfully requests that the Court enter judgment for damages against Borrower, jointly and severally with each guarantor, together with interest, costs of this action, attorneys' fees, and such other relief as the Court deems proper.

## COUNT 3
### Breach of Guaranty against Alaedin Falasiri

53. This is an action for damages against Alaedin Falasiri ("Alaedin") that exceeds $75,000.00.

54. Lender re-alleges and incorporates by reference its allegations contained in paragraphs 1-4, 17-19, 22 and 25-29 above.

55. Pursuant to the Alaedin Guaranty, a copy of which is annexed hereto as Exhibit "D-1,"Alaedin individually guaranteed and agreed to pay in full, when due, any and all indebtedness of Borrower as evidenced by the Note and Mortgage, and to perform all covenants and agreements of Borrower contained in the Note and Mortgage.

56. Alaedin breached the Alaedin Guaranty by failing to cure the default under the Note

and Mortgage described in Counts 1 and 2 above.

57.     There is now owed to Lender the amount of $1,615,422.84 that is due, together with interest thereon, late charges, attorneys' fees, filing fees and title search expense for ascertaining necessary parties to this action.

58.     Pursuant to the terms of the Alaedin Guaranty, Alaedin has agreed to pay all costs, including reasonable attorneys' fees and legal expenses incurred in collection.

WHEREFORE, Lender respectfully requests that the Court enter judgment for damages against Alaedin Falasiri, jointly and severally with Borrower and every other guarantor, together with interest, costs of this action, attorneys' fees, and such other relief as the Court deems proper.

## COUNT 4
### Breach of Guaranty against Majdi Falasiri

59.     This is an action for damages against Majdi Falasiri ("Majdi") that exceeds $75,000.00.

60.     Lender re-alleges and incorporates by reference its allegations contained in paragraphs 1-3, 5, 17-19, 23 and 25-29 above.

61.     Pursuant to the Majdi Guaranty, a copy of which is annexed hereto as Exhibit "D-2," Majdi individually guaranteed and agreed to pay in full, when due, any and all indebtedness of Borrower as evidenced by the Note and Mortgage, and to perform all covenants and agreements of Borrower contained in the Note and Mortgage.

62.     Majdi breached the Majdi Guaranty by failing to cure the default under the Note and Mortgage described in Counts 1 and 2 above.

63.     There is now owed to Lender the amount of $1,615,422.84 that is due, together with interest thereon, late charges, attorneys' fees, filing fees and title search expense for ascertaining necessary parties to this action.

64. Pursuant to the terms of the Majdi Guaranty, Majdi has agreed to pay all costs, including reasonable attorneys' fees and legal expenses incurred in collection.

WHEREFORE, Lender respectfully requests that the Court enter judgment for damages against Majdi Falasiri, jointly and severally with Borrower and every other guarantor, together with interest, costs of this action, attorneys' fees, and such other relief as the Court deems proper

### COUNT 5
### Breach of Guaranty against Shiraz Oriental Rug Gallery, Inc.

65. This is an action for damages against Shiraz Oriental Rug Gallery, Inc. ("Shiraz") that exceeds $75,000.00.

66. Lender re-alleges and incorporates by reference its allegations contained in paragraphs 1-3, 7, 17-19, and 24-29 above.

67. Pursuant to the Shiraz Guaranty, a copy of which is annexed hereto as Exhibit "D-3," Shiraz guaranteed and agreed to pay in full, when due, any and all indebtedness of Borrower as evidenced by the Note and Mortgage, and to perform all covenants and agreements of Borrower contained in the Note and Mortgage.

68. Shiraz breached the Shiraz Guaranty by failing to cure the default under the Note and Mortgage described in Counts 1 and 2 above.

69. There is now owed to Lender the amount of $1,615,422.84 that is due, together with interest thereon, late charges, attorneys' fees, filing fees and title search expense for ascertaining necessary parties to this action.

70. Pursuant to the terms of the Shiraz Guaranty, Shiraz has agreed to pay all costs, including reasonable attorneys' fees and legal expenses incurred in collection.

WHEREFORE, Lender respectfully requests that the Court enter judgment for damages against Shiraz Oriental Rug Gallery, Inc., jointly and severally with Borrower and every other

guarantor, together with interest, costs of this action, attorneys' fees, and such other relief as the Court deems proper.

## COUNT 6
## Enforcement of Assignment of Rents

71. Lender re-alleges and incorporates by reference its allegations contained in paragraphs 1-3, 7, 9-21 and 25-29 above.

72. This is an action against Borrower to enforce Lender's rights under an assignment of rents pursuant to Fla. Stat. §697.07.

73. Lender owns and holds the Note, Mortgage and the Assignment referenced above.

74. The Mortgaged Property is a small shopping center which presently has multiple tenants.

75. The Assignment described above provides, among other things, that Lender is entitled to: (i) enter upon and take possession of the Mortgaged Property; and (ii) demand, collect and receive from the tenants all of the rents.

76. Lender has notified Borrower of its defaults and demanded that all rents be turned over to Lender.

77. Despite demand, Borrower and Mortgagor have failed and refused to turn over all rents.

WHEREFORE, Lender respectfully requests that the Court enter an Order requiring the Borrower to pay over to Lender all of the previous rents collected, advise tenants to pay future rents directly to Lender and authorize Lender to use the rents to pay the reasonable expenses to protect, preserve and operate the Mortgaged Property, including payment of insurance and taxes.

## COUNT 7
### Appointment of a Receiver

78. Lender re-alleges and incorporates by reference its allegations contained in paragraphs 1-3, 17-21, and 25-29 above.

79. This is an action for appointment of a receiver for the Mortgaged Property that is the subject matter of this action.

80. The Mortgaged Property encumbered by the Mortgage is a shopping center.

81. Borrower has allowed the Mortgaged Property to suffer waste, as evidenced by: (i) Borrower's failure to complete the interior and exterior of a second story addition to the Mortgaged Property, which is currently incomplete and exposed to the elements; and (ii) Borrower's failure to pay to Lender all rents received despite demand.

82. The Mortgage provides that upon default Lender is entitled to the appointment of a receiver.

WHEREFORE, Lender respectfully requests the entry of an Order appointing a receiver in this cause and any other appropriate relief.

## COUNT 8
### Re-Establish Lost Note

83. This is an action to reestablish the Note pursuant to 673.3091 Florida Statutes.

84. Lender re-alleges and incorporates by reference its allegations contained in paragraphs 1-2, 17-21 and 25-29 above.

85. Lender is the owner of the Amended Note dated June 16, 2008 in the amount of $1,375,000.00.

86. The original of the Amended Note has been lost or destroyed. The exact time and manner of said loss or destruction is unknown to the Lender.

87. At the time the Amended Note was lost or destroyed, Lender was in possession of and entitled to enforce the Amended Note.

88. The loss of possession of the original Amended Note was not the result of a transfer by Lender or a lawful seizure.

89. Lender cannot reasonably obtain possession of the original of the Amended Note because its whereabouts are unknown.

90. The Defendants named in this complaint are the only persons known to Lender who are interested for or against reestablishment of the subject Amended Note.

WHEREFORE, Lender requests that this Court re-establish the lost Amended Note and any other relief this Court deems proper.

By: _____
E. Ashley McRae, Trial Counsel
Florida Bar No. 157317
amcrae@cowmpa.com
CAREY, O'MALLEY, WHITAKER & MUELLER, P.A.
712 South Oregon Avenue
Tampa, Florida 33606-2516
Tel. 813-250-0577 / Fax 813-250-9898
Attorneys for Lender

## **VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing Verified Complaint and that the facts stated in the Verified Complaint are true and correct.

FIFTH THIRD BANK

By: _____
Brent Liebler, Vice President

The foregoing instrument was acknowledged before me this JTH day of September, 2011 by Brent Liebler, Vice President of Fifth Third Bank, who is personally known to me or has produced _____ as identification.

(SEAL)

DANIELLE SAUVE
Notary Public - State of Florida
My Comm. Expires Mar 18, 2014
Commission # DD 972454

Print Name: Danielle Sauve
Notary Public, State of FL
My Commission Expires: 03/18/14

O:CL:FifthThird:AlaedinMajdi:VerifiedCompl

17