UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


FIFTH THIRD BANK,

    Plaintiff,

v.                                                                    CASE NO. 8:11-CV-2206-T-17TBM

ALAEDIN & MAJDI INVESTMENTS, INC., a Florida
Corporation; ALAEDIN FALASIRI; MAJDI FALASIRI;
*et al.*,

    Defendants.

_____/


## ORDER ON PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

This cause is before the Court on Plaintiff's Motion to Strike Affirmative Defenses (Doc.

12) and Defendants' Response in Opposition to Plaintiff's Motion to Strike Affirmative Defenses

(Doc. 23). For the reasons set forth below, Plaintiff's Motion to Strike Affirmative Defenses is

**GRANTED IN PART** and **DENIED IN PART**.

### PROCEDURAL HISTORY

On September 28, 2011, Plaintiff Fifth Third Bank ("Lender") filed a Complaint (Doc. 1)

against Alaedin & Majdi Investments, Inc. ("Borrower"), BioScrip Pharmacy, Inc., Alaedin

Falasiri ("Alaedin"), Majdi Falasiri ("Majdi"), Gerardi Construction Inc., H.I.S.

Computerization, Inc., Roger Nelson, Pure Healthy Back, Inc., Shiraz Oriental Rug Gallery, Inc.

("Shiraz"), and various unknown tenants. That same day, Lender filed a Notice of Lis Pendens

(Doc. 3). On September 30, 2011, Lender filed a Motion to Enforce Assignment of Rents (Doc. 5), which was granted on October 18, 2011 (Doc. 8).

Defendants Borrower, Alaedin, Majdi, and Shiraz filed their Answer and Affirmative Defenses (Doc. 9) on October 26, 2011. Plaintiff filed a Motion to Strike Affirmative Defenses (Doc. 12) on November 8, 2011. On November 22, 2011, Defendants Borrower, Alaedin, Majdi, Shiraz filed a Response in Opposition to Plaintiff's Motion to Strike Affirmative Defenses (Doc. 23).

## STATEMENT OF THE FACTS

The following facts are submitted by the parties in support and/or in opposition to Plaintiff's Motion to Strike. The Court recognizes these as "facts" only in regard to resolution of the pending motions.

Plaintiff Lender, is an Ohio banking corporation authorized to conduct business in the State of Florida. It is a citizen of and has its principal place of business in Ohio. Defendant Borrower is a Florida corporation. It is a citizen of Florida and has its principal place of business in Hillsborough County, Florida. Defendant Shiraz is a Florida corporation. It is a citizen of Florida and has its principal place of business in Hillsborough County, Florida. Defendant Alaedin is an individual residing in Hillsborough County, Florida and is a citizen of the State of Florida. Defendant Majdi is an individual residing in Hillsborough County, Florida and is a citizen of the State of Florida. Plaintiff alleges an amount in controversy in excess of $75,000.00, and diversity jurisdiction is therefore proper pursuant to 18 U.S.C. § 1332.

On October 4, 2006, Plaintiff executed and delivered a Promissory Note ("Note") (Ex. A1) to Lender in the amount of $1,375,000.00. The Note was amended on March 26, 2008 with an effective date of January 4, 2008 (Ex. A2). The Note was further amended on June 16, 2008

with the same effective date of January 4, 2008 (Ex. A3). On August 19, 2009, the Note was increased by $244,809.86, and consolidated bringing the principal amount to $1,619,809.86 (Ex. A4, A5). The Note was then amended and restated on July 31, 2010 (Ex. A6).

Borrower secured the Note in part with a mortgage on real property located at 2100 North Orange Commerce Center ("Mortgaged Property") pursuant to an agreement dated October 4, 2006 (Ex. B). The Note was also secured by an Assignment of Rents, Leases and Profits, allowing Lender to take possession of the Mortgaged Property and demand rents from the tenants (Ex. C). On October 4, 2006, Alaedin executed a Guaranty ("Alaedin Guaranty") agreeing to pay in full all indebtedness of Borrower as if he were the principal debtor (Ex. D1). Majdi executed a similar Guaranty ("Majdi Guaranty") agreeing to pay in full all indebtedness of Borrower as if she were the principal debtor (Ex. D2). Shiraz executed a Guaranty as well ("Shiraz Guaranty"), agreeing to pay in full all indebtedness of Borrower as if it were the principal debtor (Ex. D3).

Borrower defaulted on the Note when it failed to make the final payment, which was due on January 3, 2011. On July 19, 2011, Lender delivered a Default Notice and a demand for rents to Borrower, Alaedin, Majdi, and Shiraz (Ex. E).

Subsequently, Lender brought this suit. There are eight counts in the Complaint (Doc. 1). Count I is for mortgage foreclosure. Lender asks that this Court enter a judgment foreclosing the mortgage and all rights of Defendants and all persons claiming an interest in the Mortgaged Property through Defendants, and ordering the Mortgaged Property sold at foreclosure sale if the monies due are not paid when required. Count II is for breach of promissory note. Lender alleges that Borrower owes $1,615,422.84 on the Note and asks that this Court enter a judgment for damages against Borrower, jointly and severally with each guarantor. Count III is for breach of guaranty against Alaedin. Lender alleges that Alaedin breached the Alaedin Guaranty by failing

to cure Borrower's default under the Note and asks that this Court enter a judgment for damages against Alaedin, jointly and severally with Borrower and every other guarantor. Count IV is for breach of guaranty against Majdi. Lender alleges that Majdi breached the Majdi Guaranty by failing to cure Borrower's default under the Note and asks that this Court enter a judgment for damages against Majdi, jointly and severally with Borrower and every other guarantor. Count V is for breach of guaranty against Shiraz. Lender alleges that Shiraz breached the Shiraz Guaranty by failing to cure Borrower's default under the Note and asks that this Court enter a judgment for damages against Shiraz, jointly and severally with Borrower and every other guarantor. Count VI is for enforcement of assignment of rents. Lender asks that this Court enter an order requiring Borrower to pay over to Lender all previous rents collected, to advise tenants to pay future rents directly to Lender, and to authorize Lender to use the rents to maintain the Mortgaged Property. Count VII is for appointment of a receiver. Lender alleges that Borrower has allowed the Mortgaged Property to suffer waste and asks that this Court enter an order appointing a receiver. Count VIII is to re-establish a lost note. Lender alleges that the original of the Note has been lost or destroyed and that Lender cannot reasonably obtain possession of the original, and asks this Court to re-establish the lost Note.

In response to Lender's Complaint (Doc. 1), Defendants asserted six affirmative defenses (Doc. 9). The first affirmative defense alleges that pursuant to Florida Statute 673.3091, this Court cannot enter a judgment against Defendants unless it finds that they are adequately protected against loss that might occur if an additional claim is brought by another person to enforce the Note, and asks that cash be paid into the registry of the Court in the amount of any judgment until the statute of limitations with respect to enforcement of the Note has run. The second affirmative defense alleges that Lender waived its right to the final payment when its

representative consented to Borrower making monthly payments, when it continued to accept monthly payments, and when it represented that the Note would be extended and modified for reduced payoff. The third affirmative defense alleges that Lender is estopped from enforcing the Note because its representative consented to Borrower making monthly payments and represented that the Note would be extended and modified, and because Borrower relied on such representations and suffered a detriment as a result. The fourth affirmative defense alleges that Lender is not entitled to the equitable relief of foreclosure because of the misrepresentations it made. The fifth affirmative defense alleges that Defendants Alaedin, Majdi, and Shiraz were released from obligations associated with the guaranties when the Note was modified without their consent. The sixth affirmative defense alleges that Defendants Alaedin, Majdi, and Shiraz were released from obligations associated with the Assignment of Rents, Leases and Profits when the Note was modified without their consent.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides that, upon motion, the court may order stricken from a pleading any "redundant, immaterial, impertinent, or scandalous matter." *Pashoian v. GTE Directories*, 208 F.Supp.2d 1293, 1297 (M.D. Fla. 2002) (quoting Fed. R. Civ. P. 12(f)). A motion to strike an affirmative defense will "usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Story v. Sunshine Foliage World, Inc.*, 120 F.Supp.2d 1027, 1030 (M.D. Fla. 2000) (quoting *Seibel v. Society Lease, Inc.*, 969 F.Supp. 713, 715 (M.D. Fla. 1997)). When deciding a motion to strike, "a court must accept the truthfulness of well-pleaded facts and 'cannot consider matters beyond the pleadings.'" *Thompson v. Kindred Nursing Centers East, LLC*, 211 F.Supp.2d 1345, 1348

(M.D. Fla. 2002) (citing *Carlson Corp./Southeast v. School Board of Seminole Country Fla.*, 78 F.Supp. 518 (M.D. Fla. 1991)).

## DISCUSSION

Plaintiff seeks to have Defendants' six affirmative defenses stricken. In order for this Court to grant Plaintiff's Motion to Strike, Plaintiff must show that the allegations sought to be stricken likely have no possible relation to the controversy at hand, and that mention of such allegations will likely prejudice the Defendant. *Underwriters at Lloyd's, London v. Osting-Schwinn ex rel. C.O.*, 2006 WL 1582146 at *2 (M.D. Fla. 2006). With regard to Defendants' first affirmative defense under Florida Statute 673.3091, Plaintiff has not met this burden. Where a party seeks to re-establish a note, as Plaintiff Lender does here, it is required to show that it was entitled to enforce the note at the time it lost the instrument. *Beaumont. V. Bank of New York Mellon*, 2012 WL 511288 at *1 (Fla. 5th DCA 2012). Additionally, the Court is required to address the issue of providing adequate protection to the defaulting party against loss that might occur if a claim were brought by another party to enforce the instrument. *See id.* (citing Fla. Stat. § 673.3091(2)). Though it has been suggested that what constitutes "adequate protection" in lost instrument cases varies with the circumstances, there is nothing to say that "adequate protection" in the present circumstances would not require a bond to be posted until the statute of limitations has run. *See Tampa Pipeline Transport Co. v. Chase Manhattan Service Corp.*, 928 F.Supp. 1568, 1582 n. 15 (M.D. Fla. 1995) (interpreting a decision of the Supreme Court of Minnesota from 1981). Therefore, since Defendants are entitled to have the Court address the issue of adequate protection, and since Plaintiff has not shown that it will be prejudiced by allegations that posting of a bond is necessary, Plaintiff has not met its burden and its Motion to Strike with regard to Defendants' first affirmative defense is denied.

With regard to Defendants' second affirmative defense of waiver, Plaintiff has not met its burden. The Florida Supreme Court defined waiver as a "voluntary and intentional relinquishment of a known right." *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So.2d 707, 711 (Fla. 2005). In order to establish a claim for waiver, a party must prove that a right existed at the time of the waiver, that there was actual or constructive knowledge, and that the waiving party intended to relinquish that right. *Winans v. Weber*, 979 So.2d 269, 274 (Fla. 2nd DCA 2007) (citing *Arbogast v. Bryan*, 393 So.2d 606, 608 (Fla. 4th DCA 1981)). While it may be true that a Lender does not relinquish its right to foreclose by accepting partial payment from a Borrower in default, Defendants allege more than mere partial payment as evidence of waiver here. *Tompkins v. Jim Walter Homes, Inc.*, 656 So.2d. 963, 964 (Fla. 5th DCA 1995). Defendants also allege that Plaintiff's representative assured them that the Note would be extended and modified. Success on the merits would prevent Plaintiff from being able to pursue some of its claims, and, therefore, Defendants are entitled to have the Court address this issue. Since Defendants' second affirmative defense allegations are relevant to the controversy at hand, and since Plaintiff has made no showing of prejudice, Plaintiff's Motion to Strike with regard to Defendants' second affirmative defense is denied.

With regard to Defendants' third affirmative defense of estoppel, Plaintiff has not met its burden. In order to establish a defense of equitable estoppel, a party must show a representation as to a material fact that is contrary to a later-asserted position, reliance on that representation, and a change in position to the detriment of the party claiming estoppel as a result of reliance. *State v. Harris*, 881 So.2d 1079, 1084 (Fla. 2004). Though Plaintiff again argues that it cannot be barred from bringing a foreclosure action based solely on acceptance of partial payment, Defendants have asserted that Plaintiff's representative told them that the Note would be

extended and modified. Success on the merits would prevent Plaintiff from being able to pursue some of its claims, and, therefore, Defendants are entitled to have the Court address this issue. Since this third affirmative defense is relevant to the controversy at hand, and since Plaintiff has made no showing of prejudice, Plaintiff's Motion to Strike with regard to Defendants' third affirmative defense is denied.

With regard to Defendants' fourth affirmative defense of unclean hands, Plaintiff has not met its burden. Under Florida law, "one who comes into equity must come with clean hands else all relief will be denied him regardless of the merit of his claim." *Roberts v. Roberts*, 84 So.2d 717, 720 (Fla. 1956). In order to have unclean hands, a party does not need to commit a crime, but rather it is enough that the party's actions would be condemned by honest and reasonable men. *Id.* Plaintiff does not address this affirmative defense in any specific way, but rather generally states that its right to foreclose is not barred by acceptance of partial payment. It makes no mention of the alleged unclean conduct, namely that it misrepresented to Defendants that it would extend and modify the Note and that monthly payments were sufficient. Success on the merits would prevent Plaintiff from being able to pursue some of its claims, and, therefore, Defendants are entitled to have the Court address this issue. Since this fourth affirmative is relevant to the controversy at hand, and since Plaintiff made no showing of prejudice, Plaintiff's Motion to Strike with regard to Defendants' fourth affirmative defense is denied.

With regard to Defendants' fifth and sixth affirmative defenses, Defendants agree that these defenses are inapplicable and consent to them being stricken, and therefore this Court grants Plaintiff's Motion to Strike with regard to Defendants' fifth and sixth affirmative defenses. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses (Doc. 12) is

**GRANTED IN PART** and **DENIED IN PART** as set out above.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this ___ of April, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.